UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STANISLAV ARBIT,

           Plaintiff,

      v.

SCHNEIDER ELECTRIC SE, et al.,

           Defendants.

Case No.  26-cv-04146-SK

**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION**

Regarding Docket No. 10

Before the Court is an *ex parte* administrative motion filed by Plaintiff Stanislav Arbit ("Plaintiff").  (Dkt. No. 10.)  Plaintiff, specifically, requests that the Court order the U.S. Marshals Service to effect service on the unserved domestic Defendants: LDP Associates, Inc., Hyper Solutions Inc., Dennis Strieter, Brad Schultheis, and Simon Rhyner (hereinafter "Defendants").  (*Id.* at 1-2.)  Defendants have not appeared in the action and did not file an opposition to Plaintiff's motion.  Plaintiff's motion for administrative relief is deemed submitted for immediate determination.[1]  *See* Civ. L. R. 7-11(c).

Federal Rule of Civil Procedure 4(c)(3) provides: "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."  Fed. R. Civ. P. 4(c)(3).  The Court, however, is only required to order such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."  *Id.*  The decision to appoint a process server is within the court's discretion and may be appropriate where, for instance, "a law enforcement presence appears to be necessary or advisable to keep the peace."  Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment.  According to the Congressional record, service by a U.S.

United States District Court
Northern District of California

---

[1] The Court finds that this motion is appropriate for decision without oral argument.  *See* Civ. L.R. 7-1(b).

Marshal is only available in a "limited number of instances," and "the plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983). Accordingly, "court orders directing service by marshal should not be issued unless they really are necessary." 93 F.R.D. 255 (1981).

Plaintiff claims that "traditional personal service upon these specific defendants poses a severe risk of evasion, failure, and security interference" and that he "cannot safely rely on a private process server or a civilian non-party to execute service." (Dkt. No. 10 at 1-2.) However, because Plaintiff is not proceeding in forma pauperis, it is within the Court's discretion whether to direct service by the U.S. Marshals Service. (*See* Dkt. No. 7 (denying Plaintiff's application to proceed in forma pauperis)); Fed. R. Civ. P. 4(c)(3).

The Court concludes that Plaintiff has not met his burden of demonstrating that an order directing service by the U.S. Marshals Service is "necessary." *See* 93 F.R.D. 255 (1981). Plaintiff has not attempted to serve Defendants through other means in the instant action. *See, e.g., Hollywood v. Carrows Cal. Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1–2 (C.D. Cal. Apr. 26, 2018) (denying motion under Rule 4(c)(3) because the "bare requests do not indicate what steps plaintiff ... has taken to effect service of process before seeking the assistance of the U.S. Marshals Service"); *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4–5 (D.D.C. 2003) (denying motion under Rule 4(c)(3) because "the plaintiff, who is not proceeding in forma pauperis or as a seaman, has not attempted service by other means, such as service by registered or certified mail under Rule 4(i)"); *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("[B]efore this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service.").

For these reasons, the Court DENIES Plaintiff's administrative motion. *See Raiser v. United States Dist. Ct. for S. Dist. of California*, No. 20-CV-1490 TWR (AGS), 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (denying the plaintiff's request for a court order directing service by the U.S. Marshals Service under Rule 4(c)(3) on the same grounds). Plaintiff shall serve all domestic Defendants by July 15, 2026.

The Court ADVISES Plaintiff that the district court has produced a guide for pro se litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  It is available electronically online (https://perma.cc/ANQ4-N2ZT) or in hard copy free of charge from the Clerk's Office.  The Court additionally has a website with resources for pro se litigants (https://www.cand.uscourts.gov/pro-se-litigants/).  The Court further advises Plaintiff that he also may wish to seek assistance from the Legal Help Center.  Plaintiff may call the Legal Help Center at 415-782-8982 or email fedpro@sfbar.org for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED**.

Dated: June 15, 2026



_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

3